Filed 8/1/14  P. v. Cruz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

ANTONIO CRUZ,

    Defendant and Appellant.

E060331

(Super.Ct.No. RIF1305329)

**OPINION**

APPEAL from the Superior Court of Riverside County.  Jeffrey Prevost, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

## INTRODUCTION

On October 7, 2013, an information charged defendant and appellant Antonio P. Cruz with assault with a firearm in violation of Penal Code[1] section 245, subdivision (a)(2) (count 1); and making criminal threats in violation of section 422 (count 2). As to both counts, the information also alleged that defendant personally used a firearm within the meaning of section 12022.5, subdivision (a).

Prior to the preliminary hearing, defendant moved to replace appointed counsel under *Marsden*. After holding a hearing on the motion, the court denied defendant's request. After the preliminary hearing, counsel made a motion to dismiss all charges against defendant under section 995; the court denied the motion. At the conclusion of the People's case-in-chief at the trial, defense counsel made a motion to dismiss the charges under section 1118.1; the court denied the motion.

In one of the jury instructions, the trial court instructed the jury on simple assault as a lesser included offense as to count 1. During deliberations, the jury sent a note indicating that it had reached a verdict on count 1, but not on the lesser. When asked, the jury also indicated that it had reached a verdict on count 2. After some discussion, the jury returned to deliberate further on the lesser charge of assault. The jury returned not guilty verdicts on both assault with a firearm and the lesser included offense

---

[1]    All statutory references are to the Penal Code unless otherwise specified.

of simple assault. The jury found defendant guilty of count 2, making criminal threats. The jury, however, found the special firearm allegation not true.

At the sentencing hearing, defense counsel argued that the conviction for making criminal threats should be reduced to a misdemeanor under section 17, subdivision (b). The court declined to reduce the conviction to a misdemeanor at the time of the hearing, but stated that it would reconsider the motion should defendant successfully complete probation. The court then suspended imposition of sentence and placed defendant on formal probation for three years. Some of defendant's conditions of probation required that defendant serve 364 days in county jail and defendant complete a 52-week domestic violence prevention class. The court awarded defendant a total of 405 days of presentence credit. Thereafter, the court ordered defendant to pay numerous fees and costs. The court, however, found that defendant had no ability to pay for the cost of his incarceration or for his attorney's fees.

Defendant filed a timely notice of appeal.

## STATEMENT OF FACTS

Jane Doe met defendant while she was working at Howard's Liquor Store in Riverside. They dated for three months. On June 14 or 15, 2013, Doe broke up with defendant. He did not take the break up well. For the next three or four days, defendant made several failed attempts to persuade Doe to reconcile with him.

On June 18, 2013, defendant came into the liquor store while Doe was working. He appeared angry. Without saying anything to her, he lifted up his shirt and revealed what Doe believed to be a real gun. Defendant then said Doe was not going to decide when their relationship was over; it was his decision. His words scared her. Doe was afraid that defendant was going to kill her. He pointed the gun at her and prepared to shoot. Doe had never seen a real gun before.

Defendant then told Doe that he had already put the gun in a friend's mouth and forced the friend to confess that he was the one who informed Doe that defendant had another girlfriend. Defendant's friend, indeed, did tell Doe about defendant's other girlfriend. The fact that defendant had another girlfriend was one of the reasons why Doe ended their relationship. Defendant accused Doe of having an affair with his friend.

Doe ran back to an employee area of the store. Defendant put the gun away and left the store. Doe told the store's owner, Adam Hyun, to call the police. He dialed 911 and handed Doe the phone. Hyun testified that Doe appeared frightened at the time. Hyun did not see defendant pull out a gun and did not hear either of them yell. Riverside

Police Officer Jeffrey Acosta testified that he never found a gun in the car defendant was driving, in his residence, or near the liquor store.

Defendant testified that Doe broke up with him because she found out about his other girlfriend. Defendant stated that he was not angry with her on June 18, 2013, when he went to the liquor store. He did not threaten her at all and did not have a gun. He never said, "No woman breaks up with me."

Defendant testified that earlier that day, his cousin had found a toy dart gun in defendant's backyard and gave it to defendant. Defendant brought the toy gun into the store to give to Doe as a surprise for her son. The toy was made of plastic and fired rubber darts. He did not mean to startle Doe with the toy.

## III

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

# IV

# DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

6